```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN
                                               )
                                               )
REDHEAD MANAGEMENT, INC.                       )
                                               )
            Plaintiff,                         )
                                               )
            v.                                 )   Civil No. 2010-55
                                               )
THE UNITED STATES VIRGIN ISLANDS, THE          )
VIRGIN ISLANDS BUREAU OF INTERNAL              )
REVENUE                                        )
                                               )
            Defendant.                         )
_____)
```

**ATTORNEYS:**

**Joseph A. DiRuzzo, III, Esq.**
St. Thomas, U.S.V.I.
   *for the plaintiff.*

**Aquannette Y. Chinnery**
St. Thomas, U.S.V.I.
   *for the Virgin Islands Bureau of Internal Revenue.*

<u>MEMORANDUM OPINION</u>

**GÓMEZ, C.J.**

Before the Court is the motion by the Virgin Islands Bureau of Internal Revenue ("VIBIR") to dismiss this action.

<u>I. FACTUAL AND PROCEDURAL BACKGROUND</u>

The plaintiff, Redhead Management, Inc. ("Redhead Management") is a corporation organized under the laws of the territory of the United States Virgin Islands.

Redhead Management filed its corporate income tax returns with VIBIR for 2005 on Form 1120. It filed its 2006 corporate

*Redhead Management, Inc. v. VIBIR*
Civil No. 2010-55
Order
Page 2

income tax returns in the same manner.

On February 11, 2008 Redhead Management filed a "Corporation Application for Tentative Refund" on Form 1139 for 2007 with the VIBIR. Redhead Management reported a Net Operating Loss[1] ("NOL") for 2007. It "carried back"[2] the NOL from 2007 to tax years 2005 and 2006 and requested a refund.

On January 30, 2009 Redhead Management filed its corporate income tax return for 2008 on Form 1120. Redhead Management reported a NOL for 2008. On that same day, Redhead Management filed a "Corporation Application for Tentative Refund" on Form 1139 with the VIBIR. It sought a carryback of the 2008 NOL to 2006.

On May 24, 2010, Redhead Management filed an amended income tax return on Form 1120X with the VIBIR for 2005. That amended return reflected the 2007 NOL carryback. That same day, Redhead Management filed an amended tax return on Form 1120X with the

---

[1] Section 172 of title 26 defines a "Net Operating Loss" as: the "excess of the deductions allowed by this chapter over the gross income. Such excess shall be computed with the modifications specified in subsection (d)." 26 U.S.C. § 172.

[2] A taxpayer may deduct "an amount equal to the aggregate of (1) the net operating loss carryovers to such year, plus (2) the net operating loss carrybacks to such year." 26 U.S.C. § 172(a). If a taxpayer seeks such a deduction for a previous year, it shall be applied or "carried back" to "each of the 2 taxable years preceding the taxable year of such loss." *Id.*(b)(1)(A)(i).

*Redhead Management, Inc. v. VIBIR*
Civil No. 2010-55
Order
Page 3

VIBIR for 2006, reflecting the carryback from 2007. Finally, on that date, Redhead Management filed an amended return on Form 1120X for 2006, reflecting a 2008 NOL carryback.

On May 28, 2010, counsel for Redhead Management sent a letter to the Office of the Attorney General of the United States Virgin Islands. In that letter Redhead Management, demanded a refund from the VIBIR of $282,416 for calendar year 2005 and $186,904 for calendar year 2006, plus statutory interest, but had not received payment of its refund. Redhead Management noted that consistent with 33 V.I.C. § 3409, it was notifying the Government of its intention to file a tort claim to recover those funds. Redhead Management also set forth a brief summary of the facts surrounding its claim.

On May 31, 2010, Redhead Management filed this action. Count One asserts a refund claim for overpayment of taxes paid to the VIBIR in 2005 and 2006 in light of the NOL carrybacks for tax years 2007 and 2008. Count Two asserts a claim for unjust enrichment against the VIBIR for the retention of funds that legally should have been refunded to the VIBIR. Count Three asserts a claim for conversion of the funds for which Redhead Management sought refund.

The VIBIR moves to dismiss Redhead Management's complaint pursuant to 12(b)(1) and 12(b)(6).

*Redhead Management, Inc. v. VIBIR*
Civil No. 2010-55
Order
Page 4

## II. DISCUSSION

### A. Rule 12(b)(1) motion - Lack of subject matter jurisdiction

It is axiomatic that federal courts are courts of limited jurisdiction, and that they must assess the existence of jurisdiction in each case. *See Carlsberg Resources Corp. v. Cambria Sav. and Loan Ass'n,* 554 F.2d 1254, 1256 (3d Cir. 1977) ("federal courts are without power to adjudicate the substantive claims in a lawsuit, absent a firm bedrock of jurisdiction. When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits.") Further, when jurisdiction is in question, the burden of proof falls on the party asserting that jurisdiction exists. *McCann v. George W. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006)(citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936); *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004)).

A Rule 12(b)(1) motion may be treated either as a facial or a factual challenge to the court's subject-matter jurisdiction. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000). A factual challenge may occur only after the allegations of the complaint have been controverted. *Mortensen v. First Federal Savings and Loan Ass'n*, 549 F.2d 884, 892 n.17 (3d Cir. 1977).

*Redhead Management, Inc. v. VIBIR*
Civil No. 2010-55
Order
Page 5

In considering a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), all material allegations in the complaint are taken as true. *Id.* at 891-92; *see also Taliaferro v. Darby Township. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (summarizing the standard for facial attacks under Rule 12(b)(1) as "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court").

**B. Rule 12(b)(6) motion - Failure to state a claim upon which relief can be granted**

To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 470 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). This standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

*Redhead Management, Inc. v. VIBIR*
Civil No. 2010-55
Order
Page 6

### III. ANALYSIS

**A. Mirror Tax System**

Before embarking on a review of the VIBIR's motion to dismiss, it is useful to understand the unique tax system which governs taxpayer obligations in the Virgin Islands.  In the Naval Appropriations Act of July 12, 1921[3], Congress set up a "separate taxing structure for the Virgin Islands 'mirroring' the provisions of the federal tax code" save those provisions of the Internal Revenue Code which conflict with the Virgin Islands distinct tax structure. *HMW Indus.*, *Inc.*, *v. Wheatley*, 504 F.2d 146, 150 (3d Cir. 1974).  In many instances, mirrored provisions have been incorporated into title 33 of the Virgin Islands Code. *WIT Equip. Co., Inc.*, *v. Dir., V.I. Bureau of Internal Revenue*, 185 F. Supp. 2d 500, 503 (D.V.I. 2001).  Even where there has been no "codif[ication] locally . . . all provisions of the I.R.C. have force in the Virgin Islands unless they are 'manifestly inapplicable or incompatible with a separate territorial income tax.'" *Id.* (quoting *Chicago Bridge & Iron Co. v. Wheatley*, 430 F.2d 973, 976 (3d Cir. 1970)(citations

---

[3]The Naval Appropriations Act provides in pertinent part:

> The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in the Virgin Islands of the United States, except that the proceeds of such taxes shall be paid into the treasuries of said islands . . . .

48 U.S.C. § 1397.

*Redhead Management, Inc. v. VIBIR*
Civil No. 2010-55
Order
Page 7

omitted)).  "The result of [the Naval Appropriations Act] has been . . . a 'mirror system' of taxation under which Virgin Islands residents discharge their United States tax liability by paying all income taxes directly to the Treasury of the Virgin Islands." *Abramson Enters., Inc. v. Gov't of the V.I.,* 994 F.2d 140, 142 (3d Cir. 1993).

**B. VIBIR'S Motion to Dismiss**

The VIBIR first contends that this Court is without jurisdiction because Redhead Management failed to comply with U.S.C. tit 26, § 7422 ("section 7422"), which requires taxpayers to exhaust administrative avenues, prior to bringing a claim for refund in this Court.  Section 7422 provides in pertinent part:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422. 33 V.I.C. § 1692 ("section 1692") allows for suits for refund, "analogous to such suits pursuant to 26 U.S.C. § 7422." *Pan Am. World Airways Inc. v. Gov't of the V.I.*, 459 F.2d 387, 391 n.2 (3d Cir. 1972).

26 U.S.C. § 6511 sets forth the time periods in which a claim for refund or credit must be filed.  A special limitation

*Redhead Management, Inc. v. VIBIR*
Civil No. 2010-55
Order
Page 8

period applies to NOL carrybacks:

> If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.

26 U.S.C. § 6511(d)(2)(A). Redhead Management filed a Form 1139 on February 11, 2008. Redhead filed another Form 1139 on January 30, 2009. Redhead asserts that these filings constituted informal claims for refund. The VIBIR challenges whether the filing of a Form 1139 amounts to filing a claim for refund under section 7422(a).

In *Kirsh v. United States*, 258 F.3d 131 (2d Cir. 2001), the Court of Appeals for the Second Circuit addressed a similar claim. In that case the plaintiff-taxpayers filed IRS Form 1045, "Application for Tentative Refund," which serves the same purpose for individual taxpayers that Form 1139 serves for corporations. There, plaintiff-taxpayers sought a tentative carryback adjustment for the 1994 tax year based on NOLs from previous years. The IRS denied the plaintiffs' application because the plaintiffs failed to file the application within the year allotted for filing an application for tentative refund. In its

*Redhead Management, Inc. v. VIBIR*
Civil No. 2010-55
Order
Page 9

correspondence relaying its denial of their application, the IRS noted that the period for filing a refund claim had not elapsed. The IRS noted that the plaintiffs could file a refund on an IRS Form 1040X, "Amended U.S. Individual Income Tax Return." The Plaintiffs failed to file such an amended return with the IRS within the three-year limitation period for NOL carrybacks, instead filing a 1040X beyond that period.

The IRS denied their refund claim as untimely. The plaintiffs then filed suit in the Southern District of New York. They argued that in filing their Form 1045, they filed an informal refund claim. The district court, guided by statutory and regulatory authority, and taking into account the IRS's correspondence with the plaintiff-taxpayers, did not find the Form 1045 constituted a filing of a refund that satisfied section 7422. In the absence of an appropriately filed claim for refund or credit with the IRS, the district court concluded it lacked subject matter jurisdiction over the plaintiffs' refund claim. In reviewing that dismissal, the Second Circuit affirmed, finding the reasoning of the district court sound.

As in *Kirsh*, the plaintiff's filing of an "Application for Tentative Refund" falls short of the clear mandate of section 7422. It is well-established that an application for a tentative carryback adjustment does not constitute a claim for refund under

*Redhead Management, Inc. v. VIBIR*
Civil No. 2010-55
Order
Page 10

7422(a). *See* 26 CFR § 1.6411-1. ("The filing of an application for a tentative carryback adjustment will not constitute the filing of a claim for credit or refund within the meaning of section 6511 for purposes of determining whether a claim for credit or refund was filed prior to the expiration of the applicable period of limitation."); *Crimson v. United States*, 550 F.2d 1205, 1206 (9th Cir. 1977)("The Internal Revenue Code and Form 1045 itself all state specifically that Form 1045, Application for Tentative Carryback Adjustment is not a claim for a credit or refund.").

Redhead Management also offers its amended returns for 2005 and 2006 in support of its assertion that it has satisfied the prerequisites to file a claim to recover a payment of taxes in this Court. The regulations related to 7422 "require that refund claims must be accompanied by supporting evidence, and must include a detailed statement providing the grounds for the claim." *Hefti v. Internal Rev. Srv.*, 8 F.3d 1169, 1173 (7th Cir. 1993)(internal citations omitted).

The VIBIR argues that, even assuming the amended returns served as satisfactory claims for refund, this action should not proceed, because, "Plaintiff was required to wait six months after filing its claim for refund before bringing a refund action in this Court." (Mem. of Law in Supp. of Mot. to Dismiss 7.) The

*Redhead Management, Inc. v. VIBIR*
Civil No. 2010-55
Order
Page 11

Court agrees.

26 U.S.C. § 6532 provides that generally "[n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time . . . ." 26 U.S.C. § 6532. In order to assess the viability of Redhead's claims, the Court must apply that standard to the circumstances here.

Redhead Management filed a claim for refund with the VIBIR on May 24, 2010, and just a week later initiated this action. That filing, well short of the 6 months provided in section 6532, was premature. There is no suggestion that the IRS made a determination before the expiration of the 6 month period, which would have obviated the need for Redhead Management to honor that waiting period[4]. As the initiation of this action failed to

---

[4] The Court notes that Redhead Management filed an amended complaint on December 1, 2010 – more than six months after Redhead Management filed its amended returns with the VIBIR. The court notes that other courts have found that amending a complaint may cure an action's defect of prematurity for 6532 purposes. *See Harriman v. I.R.S.*, 233 F.Supp.2d 451,459 (E.D.N.Y. 2002)("[I]n light of the fact that Plaintiff amended her complaint on August 7, 1996, after the expiration of the six month waiting period and for the express purpose of complying with the statute of limitations, Defendant's argument is mooted. Plaintiff's amended complaint cures any prior jurisdictional defect with respect to the six month waiting period"); *Sumser v. Dist. Dir. of I.R.S.*, 2001 WL 241060, at * 1 (E.D. Va. 2001)(noting that where action had been filed before the expiration of the six-month waiting period, "[t]he court finds that because the court could simply grant the plaintiff leave to amend his complaint" dismissal was inappropriate).

It is axiomatic that "'[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint

*Redhead Management, Inc. v. VIBIR*
Civil No. 2010-55
Order
Page 12

conform with the requirements of section 6532, the Court will dismiss the refund claim in Count One. *Lewis v. Sandler*, 498 F.2d 395, 399 (noting that in order to invoke a court's jurisdiction to hear a claim of an illegally assessed or collected tax, a taxpayer "must file a claim for refund, and suit may not be instituted until the expiration of the statutory period for consideration of the claim by the Service."); *Dumont v. United States*, 345 Fed. Appx. 586, 592 (Fed. Cir. 2009)(finding that plaintiff's refund claim filed in Federal Claims Court a month and ten days after filing his claim with the IRS, where the IRS had not made any determination, was premature). Such dismissal does not of course prejudice any future action filed at an appropriate time.

The Court's dismissal of Count One has greater significance for the entirety of the action. Counts Two and Three assert common-law claims. The Court's jurisdiction over such claims

---

specifically refers to and adopts or incorporates by reference the earlier pleading.'" *Semulka v. Moschell*, 2010 WL 4672813, at * 1 (3d Cir. 2010)(quoting *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). However, such an amendment does not begin an action or proceeding anew. The date that an action was commenced is unaffected by amendment under these circumstances. As such, the Court does not find that amendment of a complaint would cure the defect that a suit or proceeding under 7422, "began before the expiration of 6 months." 26 U.S.C. § 6532.

*Redhead Management, Inc. v. VIBIR*
Civil No. 2010-55
Order
Page 13

would stem from an exercise of its supplemental jurisdiction. The Court will decline to exercise jurisdiction over those claims in light of its dismissal of the plaintiff's § 7422 claim[5]. *See* 28 U.S.C. § 1367(c)(3) (noting that district courts may decline to exercise supplemental jurisdiction, where "the district court has dismissed all claims over which it has original jurisdiction"); *Figueroa v. Buccaneer Hotel Inc.,* 188 F.3d 172, 180 (3d Cir. 1999)(affirming the district court's determination that it would not exercise jurisdiction over the plaintiff's territorial law claims, after the court had dismissed the plaintiff's sole federal claim). Accordingly, the Court will dismiss this action.

    An appropriate Order follows.

S\_____
    **Curtis V. Gómez**
       **Chief Judge**

---

[5] The Court notes that the VIBIR has argued that the common-law claims in Counts Two and Three are duplicative of the VIBIR's refund claim in Count One. Moreover, the VIBIR argues that to the extent that Counts Two and Three seek recovery of a tax payment, they are preempted by section 7422. As the Court declines to exercise jurisdiction over those claims, the Court will not reach that issue.